**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TY WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 8:19-cv-01780-GJH |
| Plaintiff, | Honorable George J. Hazel |
| v. | |
| POTOMAC FAMILY DINING GROUP OPERATING COMPANY, LLC dba APPLEBEE'S | |
| Defendant. | |

**FIRST AMENDED NATIONWIDE CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff Ty Williams ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, allege the following on information and belief, except for those allegations pertaining to Plaintiff, which are based on his personal knowledge:

**INTRODUCTION**

1. Plaintiff has a mobility disability stemming from a fracture to his sixth vertebrae, leaving him paralyzed from the waist down, which has cased him to use a wheelchair for mobility.

2. Defendant POTOMAC FAMILY DINING GROUP OPERATING COMPANY LLC dba APPLEBEE'S ("Defendant") own and/or operations fifty-nine (59) Applebee's Grill & Bars throughout Virginia, Maryland, Pennsylvania, West Virginia, and North Carolina. See, "About," at https://www.potomacdining.com/about (last accesse December 3, 2019). The Applebee's locations Defendant owns and/or operates include those locations which Plaintiff encountered, as described in more detail below.

3.      Defendant discriminated against Plaintiff – and others similarly situated mobility impaired persons – by utilizing unreasonable and discriminatory policies, practices, or procedures that consistently violate the Americans with Disabilities Act's ("ADA") accessibility guidelines and routinely result in access barriers at Defendants' facilities.  Specifically, Plaintiff experienced difficulty and risk of harm navigating the parking lot and accessible route to Defendant's business due to excessive sloping, all in violation of the ADA, and that those violations exist due to Defendant's inadequate, existing policies, practices, or procedures that leads to, as in the case of Defendant's parking lots, a systemic failure to maintain accessibility features within the purportedly accessible parking spaces, access aisles, and curb ramps ("Parking Areas") of its facilities.

4.      In fact, numerours facilities owned, controlled, and/or operated by Defendant ("Defendant's facilities") have Parking Areas that are, or have become inaccessible to individuals who rely on wheelchairs for mobililty, demonstrating that the centralized decision making Defendant employs with regard to the maintenance and operation of its facilities causes access barriers and.or allows them to develop and persist at Defendant's facilities.

5.      Plaintiff brings this action individually and on behalf of all others similarly situated to compel Defendand to cease unlawful discriminatory practices and to reasonably modify its existing policies, practices, or procedures to ensure its facilities are maintained in compliance with the ADA's parking and lane of access regulations.  Doing so will ensure Plaintiff's full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiff seeks declaratory injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and its implementing regulations.

6. Unless Defendant is required to remove the access barriers described below, and required to make reasonable modifications to its existing policies, practices, or procedures so that access barriers do not reoccur at Defendant's facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendant's facilities so long as Defendant's unlawful discriminatory practices continue.

7. Defendant's discrimination sends a message that it is acceptable for public accommodations to utilize unreasonable and discriminatory policies, practices, or procedures that deprive mobility impaired individuals of the opportunity to full and equal enjoyment of, and meaningful opportunity to participate in and benefit from Defendant's services.

8. The ADA expressly authorizes the injunctive relief aimed at modification of existing policies, practices, or procedures that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . .. Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . ..

42 U.S.C. § 12188(a)(2).

9. Pursuant to the ADA, it is mandatory that Defendant makes reasonable modifications in its existing policies, practices, or procedures to afford its goods, services, facilities, privileges, advantages, or its accommodations to individuals with disabilities, and it is unlawful discrimination for Defendant to fail to make such modifications. 42 U.S.C. 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

10. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

3

   a. Defendant remediate all access barriers within the Parking Areas at Defendant's facilities, consistent with the ADA;

   b. Defendant modify its existing policies, practices, or procedures so that the access barriers within the Parking Areas at at Defendant's facilities do not reoccur; and

   c. Plaintiff's representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 10.a. and 10.b. has been implemented and will remain in place.

11.   Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals.  To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2).  This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . ..  Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

12.   Plaintiff Ty Williams is, and at all relevant times hereto was, a resident of Maryland.  As described above, as a result of his disability, Mr. Williams uses a wheelchair for mobility.  He resides in Gaithersburg, Maryland.  He suffered an injury during a football game in 2015 which resulted in a fracture to his sixth vertebrae, leaving him paralyzed from the waist down.  Two and a half years after his injury, Mr. Williams earned a bachelor's degree in government from Georgetown College. A year and a half after the injury, Williams was the keynote graduation speaker for his high school alma mater, Quince Orchard in Maryland's Montgomery County. He

is currently a graduate student at Georgetown College, working towards a Sports Management degree. Since the time of the injury, he has persevered through rehab in an attempt to regain his strength and use of his legs.

13. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

14. Defendant Potomac Family Dining Group, LLC is, and at all times relevant hereto was, a Virginia limited liability company, with its principal place of business in Herndon, Virginia, and doing business in the State of Maryland. The group was founded by Mr. Timothy George and now owns fifty-nine (59) Applebee's Grill & Bars throughout Virginia, Maryland, Pennsylvania, West Virginia, and North Carolina. *See*, "About," at https://www.potomacdining.com/about (last accessed December 3, 2019). *See* list of owned locations at, https://www.potomacdining.com/store-locator (last accessed June 4, 2019).

15. Defendant's facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and are therefore subject to the requirements of the ADA.

## FACTUAL ASSERTIONS

**Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities.**

16. Plaintiff has visited Defendant's facilities located at 21048 Frederick Rd. Germantown, Maryland including within the last year, where he experienced unnecessary difficulty and risk of physical harm exiting and entering his vehicle, such that extra care was needed to avoid falling and to safely traverse the area, due to excessive slopes in a purportedly accessible parking area and other ADA accessibility violations as set forth in more detail below.

17. Despite this difficulty and risk, Plaintiff plans to return to Defendant's facilities, at least six times a year. It is convenient for him to stop by regularly to continue to test Defendant's

facilities' compliance with the ADA because Mr. Williams regularly dines at Applebee's when he is shopping at the nearby Walmart or Target. He likes to order whatever the half price appetizers are that day. Furthermore, he intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of the ADA.

18. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's facilities has been significantly impeded.

19. Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities due to the discrimination on the basis of his disability he has previously encountered there. Defendant's discriminatory conduct will continue so long as its facilities remain non-compliant with the ADA's parking and accessible route regulations, and that those violations presently exist due to Defendant's inadequate policies, practices, or procedures that have led, and in the future will lead to a systemic failure to maintain ADA required accessibility features at Defendant's facilities.

20. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's facilities, and will continue to experience unlawful discrimination on the basis of disability by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's facilities, in violation of his civil rights under the ADA.

21. As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant's facilities, have adequate, reasonable, and non-discriminatory policies, practices, or procedures that will lead to both the maintenance of ADA required accessibility features at Defendant's facilities, and remediation of

architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

### Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities.

22. Plaintiff is informed and believes, and based thereon alleges that Defendant either owns the land, buildings, and improvements of its fifty-nine (59) facilities, or leases the the land, buildings, and improvements of its facilities pursuant to Land and Building Leases that assign control of the Parking Areas to Defendant, and require Defendant to maintain those Parking Areas in compliance with state and federal regulations, including the ADA. As the owner and/or operator of its facilities, Defendant employs centralized policies, practices, or procedures with regard to the maintenance and operation of its facilities.

23. As an Applebee's franchisee, Defendant utilizes standards manuals issued by the franchisor, and is required to follow all of those manuals instructions, requirements, standards, specifications, and procedures at each of its fifty-nine (59) locations, including those setting forth "Exterior Facility" management, administration, and maintenance policies, practices, or procedures for "Parking Lot and Applebee's Signage" and "Parking Lot/Concrete Patio/Sidewalks."

24. Additionally, Defendant's facilities, including the "Exterior Facility" described in policies, practices, or procedures set forth its Administration Manual, are inspected, at a minimum, on a biannual basis.

25. Compliance with Defendant's centralized policies, practices, or procedures with regard to the maintenance and operation of itsfacilities originates with Defendant's Regional Director, who supervises several Area Directors, each Area Director in turn charged with supervising a small group a Defendant's restaurants within a geographic area.

7

26. To date, Defendant's centralized maintenance and operational policies, practices, or procedures have systematically and routinely violated the ADA by failing to maintain and operate facilities so that the accessible features of Defendant's facilities are maintained, and/or by failing to remove architectural barriers.

27. On Plaintiff's behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendant and found the following violations, which are illustrative of the fact that Defendant's existing policies, practices, or procedures, are discriminatory, unreasonable, and inadequate, and routinely result in accessibility violations:

    a. 21048 Frederick Rd. Germantown, MD

        i. The surfaces of one or more purportedly accessible curb ramps had run slopes exceeding 9.8%;

    b. 3330 Pine Bluff Drive, Dumfries VA

        i. The surfaces of one or more purportedly accessible parking spaces had run slopes exceeding 7.4%, 5.3%, 4.5%, and 4.8%; and

        ii. The surfaces of one or more purportedly accessible access aisles had run slopes exceeding 6.0% and 4.3%%.

    c. 5613 Spectrum Dr. Frederick, MD

        i. The surfaces of one or more purportedly accessible parking spaces had run slopes exceeding 5.7%; and

        ii. The surfaces of one or more purportedly accessible access aisles had run slopes exceeding 2.9%.

    d. 6310 Richmond Hwy. Alexandria, VA

        i. The surfaces of one or more purportedly accessible curb ramps had run slopes exceeding 13.7%;

    e. 127 E. Broad St. Falls Church, VA

        i. The surfaces of one or more purportedly accessible parking spaces had run slopes exceeding 5.2%

    f.   12825 Washington Township Blvd. Waynesboro, PA

         i.   The surfaces of one or more purportedly accessible parking spaces had run slopes exceeding 3.0%;

    g.   1050 Wayne Ave. Chambersburg, PA

         i.   The surfaces of one or more purportedly accessible curb ramps had run slopes exceeding 9.4% and 11.2%;

28. The fact that individuals with mobility-related disabilities are denied full and equal access to Defendant's numerous facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendant's systemic disregard for the civil rights of individuals with disabilities.

29. Defendant's systemic access violations demonstrate that Defendant's policies, practices, or procedures fail to maintain its facilities so that they remain readily accessible and usable by wheelchair users.

30. As evidenced by the widespread inaccessibility of the Parking Areas within Defendant's facilities, absent a change in Defendant's existing policies, practices, or procedures, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

31. As a result of Defendant's non-compliance with the ADA, Plaintiff has been denied the benefit of, and participation in the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations, and has been treated unequally by Defendant.

32. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify its existing policies,practices, or procedures

that have created or allowed, and will create or allow, inaccessibility to affect Defendant's network of facilities.

## JURISDICTION AND VENUE

33. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

34. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

35. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## CLASS ASSERTIONS

36. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of themselves and the following nationwide class:

> All wheelchair users with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any Potomac Family Dining Operatinf Group, LLC dba Applebee's location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendant's failure to comply with the ADA's slope regulations within the purportedly accessible Parking Areas of its facilities.

37. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

38. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

39. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make their facilities fully accessible and independently usable as above described.

40. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

41. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## **SUBSTANTIVE VIOLATION**

## **VIOLATION OF THE ADA, TITLE III**

### **[42 U.S.C. §§ 12101 *et seq.*]**

### **(Against all Defendants)**

42. Plainitff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

43. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendant's conduct.

11

44. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' conduct.

45. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, he is an individuals with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

46. Defendants own, lease, and/or operate restaurants that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

47. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations," 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), and from denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. §§ 36.202.

48. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

49.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability.  42 U.S.C. § 12182(b)(1)(D).

50.     Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2);

   c) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211; and,

   d) Failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to avoid such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R.§ 36.302(a).

51.     The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

52.     The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

13

53. The ADA requires Defendant's facilities to be alteredor constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a). Defendant's facilities were altered or constructed after the effective date of the ADA.Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

54. The ADA requires at least one accessible route within a facility site connecting its accessible parking spaces and accessible elements within the accessible route, to the accessible building or facility entrance the accessible route serves. 36 C.F.R Part 1191, Appendix B, § 206.1 *et seq.* The Parking Area accessible elements described herein (accessible parking spaces, access aisles, and curb ramps) are within the accessible routes of Defendant's facilities.

55. Further, the ADA requires the accessible features of Defendant's facilities, which include parking areas of its facilities, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

56. The architectural barriers described above demonstrate that Defendant's facilities were not maintained or operated so as to ensure that they remained readily accessible to and usable by individuals who use wheelchairs.

57. Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

58. Defendant's repeated and systemic failures to to maintain the accessible features of its facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

59.	Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of their facilities.  42 U.S.C. § 12182(a).

60.	Defendants has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

61.	Defendant has discriminated against Plaintiff and the class in that they have failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

62.	Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

63.	Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

64.	Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a.	A declaratory judgment that Defendant are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.	A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing

    regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) directs Defendant to modify its policies, practices, or procedures to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

c.    An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d.    Payment of costs of suit;

e.    Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f.    The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated:  December 13, 2019                          Respectfully Submitted,

                                                   *s/ Thomas J, Minton*
Thomas J. Minton - No. 03370
Goldman & Minton, P.C.
3600 Clipper Mill Rd., Suite 201
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

*s/ Benjamin J. Sweet*
Benjamin J. Sweet
**THE SWEET LAW FIRM, PC**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Phone: 412-857-5350
ben@sweetlawpc.com

*s/ Jordan T. Porter*
Jordan T. Porter
**NYE, STIRLING, HALE & MILLER LLP**
33 West Mission, Suite 201
Santa Barbara, CA 93101
Phone: 805-963-2345
Jordan@nshmlaw.com